

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

October 21, 1991

Ms. Susan Gay Dorsett
Chair
State Committee of Examiners for
  Speech-Language Pathology
  and Audiology
1100 West 49th Street
Austin, Texas 78756-3183

Opinion No. DM-50

Re: Whether audiology students at a college or university are required to obtain a temporary permit from the Texas Board of Examiners in the Fitting and Dispensing of Hearing Aids in order to make ear impressions
(RQ-100)

Dear Ms. Dorsett:

You ask whether an audiology student at a college or university is required to obtain a temporary training permit from the Texas Board of Examiners in the Fitting and Dispensing of Hearing Aids (hereinafter, "the board") in order to make impressions for earmolds to be used as parts for hearing aids.

Articles 4566-1.01 through 4566-1.22, V.T.C.S., (hereinafter, "the act") provide for the regulation of the fitting and dispensing of hearing aids. Article 4566-1.06 provides that "[e]very person desiring to engage in fitting and dispensing hearing aids in the State of Texas shall be required to pass an examination given by the Texas Board of Examiners in the Fitting and Dispensing of Hearing Aids" and that those passing the examination and meeting other qualifications under the act "shall receive from the Board a license to fit and dispense hearing aids in this state." V.T.C.S. art. 4566-1.06(a), (e). For purposes of article 4566-1.06, "fitting and dispensing hearing aids" includes *inter alia* "the making of impressions for earmolds to be used as a part of the hearing aid." V.T.C.S. art. 4566-1.01(f).

The temporary training permit you refer to in your question is provided for in article 4566-1.09. That provision allows a person who has not taken the examination provided for in article 4566-1.06, but who obtains a temporary permit from the board, to fit and dispense hearing aids for a stated period of time or until he has passed the examination.

Article 4566-1.19 provides, in pertinent part:

> Nothing in this Act shall be construed to apply to the following:
>
> (1) Persons engaged in the practice of measuring human hearing as part of the academic curriculum of an accredited institution of higher learning, provided such persons or their employees do not sell hearing aids.

The above-quoted provisions of article 4566-1.19 on their face permit a student at an accredited institution of higher learning, who is there "engaged in the practice of measuring human hearing as part of the academic curriculum," to make impressions for earmolds without being subject to board licensure or temporary permitting or to the other requirements of the act, so long as he or his employees do not "sell" hearing aids. Thus, if audiology students at such institutions are engaged in the practice of measuring human hearing as part of their academic curriculum,[1] they may make impressions for earmolds without board licensing or permitting, so long, again, as they or their employees do not "sell" hearing aids. *See* V.T.C.S. art. 4566-1.01(e) (defining "[s]ell" or "sale" to include "a transfer of title or of the right to use by lease, bailment, or any other contract," but not "sales at wholesale by manufacturers to persons licensed under this Act, or to distributors for distribution and sale to persons licensed under this Act"); *see also* Attorney General Opinion M-895 (1971) (an individual who sells earmolds for use as component parts of hearing aids is "selling hearing aids" for purposes of the act).

We note also that a brief received in connection with this request cites Attorney General Opinion MW-555 (1982) for the proposition that audiology students making impressions for earmolds must have a license or temporary permit from the board. That opinion concluded, based on the provisions of subpart (3) of article 4566-1.19 then in effect, that individuals with master's or doctorate degrees in audiology were nevertheless subject to the licensure and other provisons of the act if

---

[1] We note that article 4512j, which provides for regulation of audiologists, in section 2, subsection (8), defines "[t]he practice of audiology" to include hearing measurement.

they made impressions for earmolds to be used as parts of hearing aids. At the time Attorney General Opinion MW-555 dealt with it, subpart (3) read:

> Nothing in this Act shall be construed to apply to the following:
>
> . . . .
>
> (3) An individual with a master's or doctorate degree in audiology from an accredited college or university may engage in the measurement of human hearing by the use of an audiometer or by any means for the purpose of making selections and adaptations of or recommendations for a hearing aid, provided such persons do not sell hearing aids.

*See* Acts 1981, 67th Leg., ch. 774, at 2910.

Attorney General Opinion MW-555 pointed out that article 4566-1.06 required persons engaged in "fitting and dispensing hearing aids" to be licensed or temporarily permitted by the board, and that article 4566-1.01(f) provided:

> "Fitting and Dispensing hearing aids" means the measurement of human hearing by the use of an audiometer or by any means for the purpose of making selections, adaptations and/or sales of hearing aids. The term also includes the sale of hearing aids, and the making of impressions for earmolds to be used as a part of the hearing aid.

The opinion reasoned that the provisions of subpart (3) then in effect only permitted the advanced degreed individuals described there to "engage in the measurement of human hearing," and that the above-quoted article 4566-1.01(f) definition of "fitting and dispensing hearing aids" indicated that "making impressions for earmolds" was a distinct activity from the "measurement of human hearing," and was not covered by the subpart (3) exemption.

In response to Attorney General Opinion MW-555, the legislature amended subpart (3) of article 4566-1.19 to its present form in 1983 by adding the language "and the making of impressions for earmolds to be used as part of a hearing aid."

Acts 1983, 68th Leg., ch. 125, at 598; *see also* Bill Analysis, S.B. 1100, 68th Leg. (1983).

Subpart (3) of article 4566-1.19 both as originally adopted and as amended in 1983 is grammatically problematical when considered with the first sentence of the article. ("Nothing in this Act shall be construed to apply to the following: ... An individual with a master's or doctorate degree in audiology ... may engage in the measurement of human hearing ... and the making of impressions for earmolds ....") Nevertheless, we think subpart (3), despite the grammar problem, clearly operates as express permission for the audiologists described there to engage in only such activities as are enumerated there without being subject to the licensing, permitting, or other requirements of the act. Attorney General Opinion MW-555 concluded that making impressions for earmolds was not, at that time, one of those enumerated activities. Subpart (1), in contrast, exempts students engaged in the study of human hearing at certain institutions from the requirements of the act for *any* activities they engage in, so long as they do not sell hearing aids. Therefore, we do not think the analysis of subpart (3) of article 4566-1.19 in Attorney General Opinion MW-555, which concluded that making earmolds was not one of the permitted activities under subpart (3), is applicable to subpart (1), which again permits the individuals described there to engage in *any* activities without being subject to the act, so long as they do not "sell" hearing aids.

Accordingly, we conclude in response to your question that pursuant to the exemption in article 4566-1.19(1), audiology students engaged in the practice of measuring human hearing as a part of the academic curriculum of an accredited institution of higher learning may make impressions for earmolds to be used as parts in hearing aids without having obtained a license or temporary permit from the Board of Examiners in the Fitting and Dispensing of Hearing Aids, so long as the students or their employees do not "sell" hearing aids.

## SUMMARY

Pursuant to the exemption in V.T.C.S. article 4566-1.19(1), audiology students engaged in the practice of measuring human hearing as a part of the academic curriculum of an accredited institution of higher learning may make impressions for earmolds to be used as parts in hearing aids without having obtained a license or temporary permit from the Board of Examiners in the Fitting and Dispensing of Hearing Aids, so

long as the students or their employees do not "sell" hearing aids.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General